UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAY APONTE,

                      Plaintiff,

v.                                                               **DECISION AND ORDER**
                                                                                08-CV-128S

CITY OF BUFFALO
OFFICE OF TELECOMMUNICATIONS
and THE WELLNESS INSTITUTE OF
GREATER BUFFALO & WNY,

                      Defendants.

## I. INTRODUCTION

Plaintiff Ray Aponte alleges that Defendant City of Buffalo Office of Telecommunications ("OTC") and Defendant Wellness Institute of Greater Buffalo & WNY ("Institute"), violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, et seq. ("Title VII"), and the New York Human Rights Law ("New York HRL"), Article 15 of the Executive Law §§ 290 et seq. Plaintiff alleges that Defendants discriminated and retaliated against him due to his race, including, but not limited to, denying him equal terms and conditions of employment, treating him differently with respect to wages, harassing him on account of his race, and constructively discharging him.

Currently before this Court is OTC's Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule 56.[1] For the reasons discussed below, OTC's motion is denied.

---

[1] In support of its motion, OTC filed the affidavit of Carmen J. Gentile, Esq., with exhibits, and a memorandum of law. (Docket Nos. 3, 7). In opposition, Plaintiff filed the affirmation of Harvey P. Sanders, Esq., with exhibits, and a memorandum of law. (Docket Nos. 8, 8-2).

1

## II. BACKGROUND

**A.    Facts**

The following facts, alleged in the Complaint, are assumed true for purposes of the instant motion. Plaintiff, a Hispanic male, is a citizen of the United States and of the State of New York (Complaint, Docket No. 1, at ¶ 5). Plaintiff worked for Defendants as a Videographer and Facility Manager. (Complaint, ¶ 8). Specifically, Plaintiff alleges that he was "jointly employed" by OTC and the Institute, and although he "was moved from one payroll to the other, this did not otherwise alter his employment."[2] (Complaint, ¶¶ 8-9). Plaintiff was responsible for facility management and production at the Apollo Media Center, which provides services for users who create public and community-access programming. (Complaint, ¶¶ 9-10).

In September 2006, Defendants instituted a compensation system distinguishing between Videographer 1 ("V1") and Videographer 2 ("V2"). (Complaint, ¶ 11). Defendants paid V1 employees $14 to $16 per hour, and paid V2 employees approximately $37.50 per hour. (Complaint, ¶¶ 12, 14). V1 employees earned less because the position purportedly entailed fewer job duties and lesser responsibilities than other general positions. (Complaint, ¶ 12).

OTC and the Institute classified Plaintiff as a V1, however, the only Caucasian videographer (Jerry Buchnowski) was classified as a V2. (Complaint, ¶¶ 14, 16).

---

[2] Plaintiff alleges that both OTC and the Institute are employers within the meaning of Title VII and the New York HRL. (Complaint, ¶¶ 6, 7).

According to the Complaint, Plaintiff performed the same duties as Buchnowski, together with a number of duties Buchnowski did not have the skills to perform. (Complaint, ¶ 16). Plaintiff also maintained the title of "Facility Manager," which Buchnowski apparently did not. (Complaint, ¶ 17). Despite this, Defendants paid Plaintiff $21.50 per hour less than the only Caucasian employee. (Complaint, ¶¶ 18, 21).

On October 16, 2006, Plaintiff sent an email to Tom Tarapacki, Program Director, requesting a pay increase of $4 per hour to "fairly compensate" him for his services. (Complaint, ¶ 19.) Tarapacki denied this request. (Complaint, ¶ 20). After Plaintiff sent this email, Defendants did not give him work assignments "for a long duration." (Complaint, ¶ 22). When Defendants finally gave Plaintiff a work assignment, they gave him only one hour's notice. (Complaint, ¶ 23). Plaintiff was unable to accept the assignment because he had already committed his services elsewhere. (Complaint, ¶ 24). After this, Plaintiff received no requests for his services from the Defendants, was not provided a work schedule, and received a letter demanding a return of Apollo Center property. (Complaint, ¶¶ 25-28). Plaintiff maintains that he was thus constructively discharged. (Complaint, ¶ 28).

Plaintiff also alleges that he was subjected to racially harassing comments and treatment at work. (Complaint, ¶ 29). Specifically, Plaintiff alleges that Tarapacki made inappropriate references to his Hispanic heritage (Complaint, ¶¶ 30-34), and that he suffered disparately severe penalties for a single incident of lateness due to his ethnicity. (Complaint at ¶¶ 35-43).

## B. Procedural History

Plaintiff commenced this action on February 13, 2008, by filing a Complaint in the United States District Court for the Western District of New York. OTC filed the present Motion to Dismiss on March 5, 2008. The Institute filed an Answer on May 28, 2008. The Institute has not joined OTC's motion.

## III. DISCUSSION

## A. Motion To Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under this rule, the court must construe the complaint liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Although a complaint need not include detailed factual allegations, a plaintiff must show "grounds of his entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The complaint must plead enough facts to be plausible on its face, Ruotolo v. City of New York, 514 F.3d 184, 188 (2d. Cir 2008) (citing Twombly, 550 U.S. at 570), and the "[f]actual allegations must be enough to raise a right to relief above a speculative level." Id.; Goldstein, 516 F.3d at 56.

4

**B.     OTC's Motion to Dismiss**

Plaintiff asserts two causes of action against OTC.  First, Plaintiff alleges that OTC engaged in a pattern and practice of discrimination and retaliation against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. (Complaint, ¶¶ 44-47).  Secondly, Plaintiff alleges that OTC's discriminatory and harassing actions violate the New York HRL, §§ 290 et seq.  (Complaint, ¶¶ 48, 51.)  OTC argues that these claims should be dismissed because Plaintiff is not an "employee" within the meaning of Title VII.

Title VII makes it unlawful for an "employer to discriminate against any employee" with respect to compensation, terms, conditions, or privileges of employment on the basis of, *inter alia*, the employee's race or national origin.  42 U.S.C. § 2000e-2(1).  By its terms, Title VII protects only "employees," which the statute defines as "an individual employed by an employer."  42 U.S.C. § 2000e(f).  To determine whether an individual is an "employee" under Title VII, courts apply a fact-specific test involving the following thirteen factors:

> (1) The hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; and (13) the tax treatment of the hired party.

Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751, 109 S.Ct. 2166, 2178, 104 L.Ed.2d 811 (1989); see also Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226-27 (2d Cir. 2008) (applying Reid in the Title VII context).

This list is non-exhaustive; only those factors indicative of agency in the particular circumstances of a given case are relevant. Salamon, 514 F.3d at 227 (citing Langman Fabrics v. Graff Californiawear, Inc., 160 F.3d 106, 111 (2d Cir. 1998)). In employment discrimination cases, special weight is placed on the degree to which the employer controls or has the right to control the "manner and means" or terms and practices of the individual's employment. Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 114 n.1 (2d Cir. 2000).

Similarly, the New York HRL proscriptions against unlawful discrimination apply solely to employees and not to independent contractors. See Tagare v. NYNEX Network Sys. Co., 994 F.Supp. 149, 159 (S.D.N.Y. 1997) (citing Scott v. Massachusetts Mut. Life Ins. Co., 657 N.E.2d 769, 771 (NY 1995)). Under the New York HRL, a hired party's status is determined by whether "a traditional employment relationship" exists. Id. Typically, the same evaluation is applied to determine employment status under both Title VII and the New York HRL. See id.

Defendant asserts that Plaintiff does not meet several of the common law agency factors, and is therefore an independent contractor and not an employee for the purposes of Title VII and the New York HRL. Specifically, OTC argues that Plaintiff is an independent contractor because he had discretion to choose whether to complete work

assignments, because OTC did not exercise day-to-day control over Plaintiff as a traditional employer would, and because Plaintiff did not receive any municipal benefits. Additionally, OTC notes that Plaintiff's Charge of Discrimination filed with the United States Equal Employment Opportunity Commission ("EEOC") was closed upon the finding that there was "no employer/employee" relationship.

These arguments, however, are merit-based and depend on documents outside of the Complaint. They are therefore premature at this early stage of the proceedings. As noted above, whether an individual is an "employee" turns on a highly fact-dependent inquiry involving multiple factors. Although OTC has alternatively requested that its motion be treated as one for summary judgment, this Court declines to do so since no discovery has taken place, particularly on the fact-driven "employee status" issue. See Mastykarz v. Niagara Mohawk Power Corp., No. 05-CV-0641E, 2007 WL 952044, at *4 (W.D.N.Y. Mar. 29, 2007).

Because this Court declines to convert OTC's motion into one for summary judgment, only OTC's Motion to Dismiss under Rule 12(b)(6) will be considered. Defendant argues that "[a]s Mr. Aponte has failed to sufficiently allege an employment relationship with the Defendant, he has failed to state a cause of action and is not entitled to relief on any possible set of facts." (Def. Mem., Docket No. 7, at 3). But after evaluating Plaintiff's complaint, accepting all factual allegations as true, and drawing all reasonable inferences in Plaintiff's favor, this Court finds that Plaintiff has sufficiently alleged that he is an employee for the purposes of Title VII and New York HRL. In particular, Plaintiff has alleged that he is an employee (Complaint, ¶¶ 8, 45, 49), alleged that OTC and the Institute

are employers (Complaint, ¶¶ 6, 7), alleged the terms and conditions of his employment (Complaint, ¶¶ 9, 13), and alleged his employment duties and responsibilities, (Complaint, ¶¶ 16, 17). Consequently, this Court finds that Plaintiff has adequately alleged that he is an employee for purposes of his claims against OTC.

## IV.  CONCLUSION

For the foregoing reasons, OTC's Motion to Dismiss is denied.

## V.  ORDER

IT HEREBY IS ORDERED, that OTC's Motion to Dismiss (Docket No. 3) is DENIED.

SO ORDERED.

Dated:      July 5, 2009
            Buffalo, New York

                                              /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                          United States District Judge